**Jorge Adalberto MAGANA–SANABRIA; Gregoria Ramos–Leal; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71953.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Claudia Jasmine Lopez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioners.

District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Robbin Kinmonth Blaya, Esquire, Trial, Hogan, Senior Litigation Counsel, Kiley L. Kane, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jorge Adalberto Magana–Sanabria, his wife Gregoria Ramos–Leal, and their two children, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Ramos–Lopez v. Holder*, 563 F.3d 855, 858 (9th Cir.2009), and we review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's finding that petitioners failed to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

demonstrate the robberies they experienced established past persecution or a well-founded fear of future persecution on account of a protected ground. *See Ramos–Lopez,* 563 F.3d at 861–862; *see also Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) (a protected ground must be at least one central reason for persecuting the applicant). Accordingly, petitioners' asylum claim fails.

▮ Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

▮ Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not that they would be tortured if returned to El Salvador. *See Santos–Lemus v. Mukasey,* 542 F.3d 738, 747–48 (9th Cir.2008).

Finally, we reject petitioners' contention that the BIA violated their due process rights, because the BIA provided a reasoned explanation for its decision. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).

**PETITION FOR REVIEW DENIED.**